IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS SANDOVAL,

    Plaintiff,                      No. CIV S-07-0415 MCE GGH P

    vs.

CALIFORNIA MEDICAL FACILITY, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C § 1983. On July 10, 2007, the court granted plaintiff thirty days to file an amended complaint. On July 19, 2007, plaintiff filed two amended complaints which are slightly, although not materially, different. The court will screen the later filed amended complaint, court file doc. # 18.

        Named as defendants are Richard Smith and Jose Rodriguez. Plaintiff alleges that the staff have tortured him with devices and have pinched his esophagus. As relief, plaintiff seeks money damages.

        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the

1

>Constitution . . . shall be liable to the party injured in an action at
>law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has not linked defendants Smith and Rodriguez to the alleged deprivations. In other words, plaintiff does not allege how defendants violated his constitutional rights. Because plaintiff has already had one opportunity to amend his complaint, the court recommends that this action be dismissed.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written

1 | objections with the court. The document should be captioned "Objections to Magistrate Judge's
2 | Findings and Recommendations." Plaintiff is advised that failure to file objections within the
3 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
4 | F.2d 1153 (9th Cir. 1991).
5 | DATED:  8/14/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7 | san415.dis